UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————X
JOHN CARFAGNO, derivatively on behalf of  :  Civil Action No. 08-cv-00912-SAS
CENTERLINE HOLDING COMPANY,               :
                                          :
            Plaintiff,                    :
                                          :
      vs.                                 :
                                          :
MARC D. SCHNITZER, ET AL.,                :
                                          :
            Defendants.                   :
————————————————————X
BROY, derivatively on behalf of nominal defendant : Civil Action No.1:08-cv-00971-SAS
CENTERLINE HOLDING COMPANY,               :
                                          :
            Plaintiff,                    :
                                          :
      vs.                                 :
                                          :
JEFF T. BLAU, et al.,                     :
                                          :
            Defendants.                   :
————————————————————X
LOUIS KANTER and JAMIE STARK,             :  Civil Action No. 08-cv-01827-SAS
derivatively on behalf of Nominal Defendant :
Centerline Holding Company,               :
                                          :
            Plaintiff,                    :
                                          :
      vs.                                 :
                                          :
STEPHEN M. ROSS, ET AL,                   :
                                          :
            Defendants.                   :
————————————————————X
[Caption continued on following page.]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ──────────────────────────────── X | |
| MARK GOLDSTEIN, Individually And On Behalf of All Others Similarly Situated, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> CENTERLINE HOLDING COMPANY, ET AL, : <br> : <br> Defendants. : <br> ──────────────────────────────── X | Civil Action No. 08-cv-00505-SAS |
| BRIAN QUILL, Individually And On Behalf of All Others Similarly Situated, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> CENTERLINE HOLDING COMPANY, ET AL, : <br> : <br> Defendants. : <br> ──────────────────────────────── X | Civil Action No. 08-cv-01902-DAB |
| PETER FRANK, Individually and on behalf of all others similarly situated, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> CENTERLINE HOLDING COMPANY, ET AL, : <br> : <br> Defendants. : <br> ──────────────────────────────── X | Civil Action No. 08-cv-01026-SAS |

[Caption continued on following page.]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DECHTER, Individually and on behalf of all others similarly situated, | Civil Action No. 08-cv-01593-SAS |
| Plaintiff, | |
| vs. | |
| CENTERLINE HOLDING COMPANY, ET AL, | |
| Defendants. | |
| LORI WEINRIB, Individually and on behalf of all others similarly situated, | Civil Action No. 08-cv-01158-SAS |
| Plaintiff, | |
| vs. | |
| CENTERLINE HOLDING COMPANY, ET AL, | |
| Defendants. | |

[Caption continued on following page.]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X
THOMAS LYONS, Individually and on behalf of   :   Civil Action No. 08-cv-01458-SAS
all others similarly situated,                :
                                              :
                Plaintiff,                    :
                                              :
        vs.                                   :
                                              :
CENTERLINE HOLDING COMPANY, ET AL,            :
                                              :
                Defendants.                   :
———————————————————————— X

**CARFAGNO'S AND BROY'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF ROSLYN GOLDENBERG, MITCHELL GOLDENBERG, JANE GOLDENBERG, MICHAEL GOLDENBERG AND LISA GOLDENBERG TO CONSOLIDATE ALL RELATED ACTIONS, TO BE APPOINTED LEAD PLAINTIFFS, AND FOR APPROVAL OF THEIR SELECTION OF FARUQI & FARUQI, LLP AND MARCUS & AUERBACH, LLC AS LEAD COUNSEL**

**PRELIMINARY STATEMENT**

Plaintiffs John Carfagno ("Carfagno") and Tony Broy ("Broy") for two of the three above-captioned derivative actions (the "Derivative Actions")[1] respectfully submit this Memorandum of Law in opposition to the motion of Roslyn Goldenberg, Mitchell Goldenberg, Jane Goldenberg, Michael Goldenberg and Lisa Goldenberg (the "Goldenberg Group") seeking to consolidate the various securities fraud class actions (the "Securities Actions") with the federal Derivative Actions involving Centerline Holding Company ("Centerline"), to appoint a single

---

[1] Carfagno and Broy understand that plaintiffs in the third federal derivative action, *Kanter v. Stephen Ross, et al.*, Civ. Action No. 08-CV-01827 (SAS) ("*Kanter*"), are represented by counsel who have joined in the proposed settlement of the Delaware derivative action, *Off v. Ross, et al.*, C.A. No. 3468-VCP (Del. Ch.). As such, Carfagno and Broy have not sought to coordinate this response with counsel in *Kanter*.

4

group of lead plaintiffs and to approve their selection of Faruqi & Faruqi, LLP ("Faruqi") and Marcus & Auerbach, LLC ("Marcus") as lead counsel (the "Global Consolidation Motion").[2]

Carfagno and Broy oppose consolidation of the Derivative Actions with the Securities Actions, and the other requested relief in the Global Consolidation Motion on the grounds that consolidation would create irreconcilable conflicts of interest and unduly prejudice the rights of the Derivative Plaintiffs and the nominal defendant Centerline.

Both Carfagno and Broy for their derivative actions seek fundamentally different and conflicting relief from that sought by plaintiffs in the Securities Actions.  The Derivative plaintiffs seek to recover damages for the benefit of the Company and its existing shareholders, while the Securities Actions seek recovery <u>from</u> the Company on behalf of purchasing shareholders.  Both goals simply cannot be pursued by the same plaintiff and lead plaintiffs' counsel with equal attention and vigor.

Additionally, the two sets of actions are on wholly different procedural tracks.  Discovery has already begun in the Derivative Actions, pursuant to the Court's order on *Carfagno's* Order to Show Cause dated March 31, 2008, while it remains stayed in the Securities Actions pursuant to the Private Securities Litigation Reform Act ("PSLRA"), until a motion to dismiss is favorably decided for the plaintiffs in those cases.  Thus, neither consolidation nor even coordination of discovery between the two sets of cases will result in any efficiencies or save judicial resources.

---

[2] By a Stipulation and Order dated March 3, 2008, the Securities Actions have already been consolidated by this Court.  See attached.

## ARGUMENT

### The Global Consolidation Motion Should Be Denied Because It Creates A Conflict of Interest

It is well established in this Circuit that the same plaintiffs may not pursue claims under the federal securities laws against an issuer and derivative claims on behalf of the same company, simultaneously, because, to do so, constitutes a conflict of interest. *See, e.g., Clair Shores Gen. Employees Ret. Sys. v. Eibeler*, No. 06 Civ. 688, 2006 WL 2849783, at *7 (S.D.N.Y. Oct. 4, 2006) ("Courts in this Circuit have long found that plaintiffs attempting to advance derivative and direct claims in the same action face an impermissible conflict of interest."); *Wall Street Sys., Inc. v. Lemence*, No. 04 Civ. 5299, 2005 WL 292744, at *3 (S.D.N.Y. Sep. 1, 2005) (an individual shareholder "cannot adequately represent other shareholders, when he simultaneously brings a direct and derivative action."); *and see Priestley v. Comrie*, No. 07 Civ 1361, 2007 WL 4208592, at *5 (S.D.N.Y. Nov. 27, 2007) ("The litigation pending between Plaintiff and Defendants renders her unfit to maintain the derivative claims. Her attempt to advance derivative and direct claims in the same action is an impermissible conflict of interest that disqualifies her from maintaining this action.") (citations omitted); *see also Tuscano v. Tuscano*, 403 F. Supp. 2d 214, 223 (E.D.N.Y. 2005); *Ryan v. Aetna Life Ins. Co.*, 765 F. Supp. 133, 136 (S.D.N.Y. 1991); *Brickman v. Tyco Toys, Inc.*, 731 F. Supp. 101, 108 (S.D.N.Y. 1990); *Kamerman v. Steinberg*, 113 F.R.D. 511, 515-16 (S.D.N.Y. 1986).

Consolidation is inappropriate when it will adversely affect the rights of the parties Consolidation should not adversely impact a party's rights, and efficiency and judicial economy

must never take precedence over fairness to the parties. MOORE'S FEDERAL PRACTICE ¶ 42.10 [2][A][B], 4[A], 5[d][1].

The Global Consolidation Motion does not seek merely to coordinate discovery, which in certain circumstances (which do not exist here), may be efficient and save costs.[3] Instead, the Goldenberg Group and their counsel seek to simultaneously represent a class of purchasers of Centerline stock to recover damages from Centerline (and others), while also representing Centerline in the derivative action on related facts. As this constitutes an irreconcilable conflict of interest, the Global Consolidation Motion should be denied.

## CONCLUSION

For the reasons stated herein, the Global Consolidation Motion should be denied.

Dated: April 4, 2008          Respectfully Submitted,

                              s/_____
                              BULL & LIFSHITZ, LLP
                              Peter D. Bull (PB-9118)
                              Joshua M. Lifshitz (JL-9172)
                              18 East 41st Street
                              New York, New York 10017
                              Telephone: (212) 213-6222

                              *Counsel for Tony Broy*


                              s/_____
                              Beth A. Kaswan (BK-0264)
                              SCOTT + SCOTT LLP
                              29 West 57th Street, 14th Floor
                              New York, NY  10019

---

[3] Because of the time required in the Securities Actions to resolve motions for appointment of lead counsel, to draft a consolidated complaint and to brief and resolve motions to dismiss, discovery in the Derivative Actions may well be completed before it begins in the Securities Actions.

Telephone: 212-223-6444

Walter W. Noss
SCOTT + SCOTT LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH  44106
Telephone: 216-229-6088

*Counsel for John Carfagno*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2008, the foregoing Carfagno's And Broy's Memorandum Of Law In Opposition To Motion Of Roslyn Goldenberg, Mitchell Goldenberg, Jane Goldenberg, Michael Goldenberg And Lisa Goldenberg To Consolidate All Related Actions, To Be Appointed Lead Plaintiffs, And For Approval Of Their Selection Of Faruqi & Faruqi, LLP And Marcus & Auerbach, LLC As Lead Counsel was filed electronically with the Court's Case Management/Electronic Case Files (CM/ECF) docketing system. Notice of this filing will be sent to all parties by operation of the CM/ECF system. Parties may access this filing through the CM/ECF system.

s/_____
BULL & LIFSHITZ, LLP
Peter D. Bull (PB-9118)
Joshua M. Lifshitz (JL-9172)
18 East 41st Street
New York, New York 10017
Telephone: (212) 213-6222

*Counsel for Tony Broy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MARK K. GOLDSTEIN, Individually and On
Behalf of All Others Similarly Situated,

                            Plaintiffs,

    vs.

CENTERLINE HOLDING COMPANY, MARC
D. SCHNITZER, ROBERT L. LEVY, JEFF T.
BLAU, and STEPHEN M. ROSS,

                            Defendants.
-------------------------------------------------------------x

DEBORAH DECHTER, on behalf of herself
And all others similarly situated,

                            Plaintiffs,

    vs.

CENTERLINE HOLDING COMPANY, MARC
D. SCHNITZER, ROBERT L. LEVY, STEPHEN M.
ROSS and JEFF T. BLAU,

                            Defendants.
-------------------------------------------------------------x

PETER FRANK, Individually and On
Behalf of All Others Similarly Situated,

                            Plaintiff,

    vs.

CENTERLINE HOLDING COMPANY, MARC
D. SCHNITZER, ROBERT L. LEVY, STEPHEN M. ROSS
AND JEFF T. BLAU,

                            Defendants.
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/08

**STIPULATION AND ORDER**

Case No.: 08-CV-00505 (SAS)

Case No.: 08-CV-1593 (UA)

Case No.: 08-CV-01026 (SAS)

```
-------------------------------------------------x   Case No.: 08-CV-1458 (SAS)
THOMAS LYONS, Individually and On
Behalf of All Others Similarly Situated,

                    Plaintiff,

    vs.

CENTERLINE HOLDING COMPANY, MARC
D. SCHNITZER, ROBERT L. LEVY, JEFF T. BLAU, and
STEPHEN M. ROSS

                    Defendants.
-------------------------------------------------x
LORI WEINRIB, Individually and On                    Case No.: 08-CV-01158 (SAS)
Behalf of All Others Similarly Situated,

                    Plaintiff,

    vs.

CENTERLINE HOLDING COMPANY, MARC
D. SCHNITZER and ROBERT L. LEVY

                    Defendants.
-------------------------------------------------x
```

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, that:

1. The undersigned counsel for the defendants each hereby agree, on behalf of their respective clients, to waive service of the summons and complaint in the above-referenced action, and each defendant shall be deemed served with the summons and complaint as of the date of this Stipulation.

2. The parties agree that the above-captioned actions are securities class actions raising common issues of fact and law, as those terms are interpreted and applied in the context of consolidation pursuant to Fed. R. Civ. P. 42(a). The parties further agree that no party would

2

be prejudiced by a consolidation of the actions and that consolidation would further the efficient progress of this litigation, and, therefore, stipulate that these actions be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes into the first case filed in this District, *Goldstein v. Centerline Holding Company*, No. 08-CV-00505 (the "Consolidated Action") and that the consolidated caption shall be: *In re Centerline Holding Company Securities Litigation*, Civil Action No., 08-CV-00505 (SAS).

3. The parties anticipate that after the resolution of lead plaintiff and lead counsel motions to be filed pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B), the lead plaintiff designated by the Court will thereafter file a consolidated complaint, which will become the operative complaint.

4. The parties agree that the lead plaintiff shall file the consolidated complaint within 60 days after the entry of an order designating lead plaintiff and lead plaintiff's counsel unless otherwise agreed upon by the parties or ordered by the Court. The defendants need not respond to any complaint filed in this action prior to the filing of the consolidated complaint.

5. The defendants shall respond to the consolidated complaint within forty-five (45) days of its filing. If the defendants file any motion directed at the consolidated complaint, the opposition brief shall be filed within 45 days of the filing of such motion, and the reply brief shall be filed within 30 days after the opposition brief unless otherwise agreed upon by the parties or ordered by the Court.

6. This Stipulation may be signed in counterparts and delivered by facsimile or other electronic means, with each such counterpart deemed an original and facsimile signatures as effective as original signatures.

3

Dated: February 28, 2008
New York, New York

LABATON SUCHAROW LLP

By: /s/ Andrei Rado
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

BERGER & MONTAGUE, P.C.
Sherrie R. Savett, Esq.
Barbara A. Podell, Esq.
Eric Lechtzin, Esq.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Phone: (215) 875-3000
Fax: (215) 875-4604

*Attorneys for Plaintiff Mark K. Goldstein*

WOLF POPPER LLP

By: /s/ Robert Finkel
Marian P. Rosner (MR 0410)
Robert C. Finkel (RF 2373)
James A. Harrod (JH 4400)
Danielle Disporto
845 Third Avenue
New York, NY 10022
Tel: (212) 759-4600
Fax: (212) 486-2093

*Attorneys for Deborah Dechter*

4

BRODSKY & SMITH, LLC

By: *Evan Smith* /AR
Evan J. Smith, Esq.
240 Mineola Blvd
Mineola, NY 11501
Tel.: 516-741-4977
Fax: 516-741-0626

**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
Richard A. Maniskas
D. Seamus Kaskela
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Attorneys for plaintiff Peter Frank*

**LABATON SUCHAROW LLP**

By: *[signature]*
Christopher J. Keller
Andrei V. Rado
Alan I. Ellman
140 Broadway
New York, NY 10005
Tel.: 212-907-0700
Fax: 212-818-0477

**LAW OFFICES OF CURTIS V.
TRINKO, LLP**
Curtis V. Trinko
16 West 46th Street, 7th Floor
New York, NY 10036
Tel: (212) 490-9550
Fax: (212) 986-0158

*Attorneys for plaintiff Thomas Lyons*

5

COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP

By: *David Rosenfeld* /AR
Samuel H. Rudman
David A. Rosenfeld
58 South Service Road, Suite 200
Melville, NY 11747
Tel.: 631-367-7100
Fax: 631-367-1173

ABRAHAM, FRUCHTER &
TWERSKY, LLP
Jeffrey S. Abraham
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

*Attorneys for plaintiff Lori Weinrib*

PAUL WEISS RIFKIND WHARTON &
GARRISON LLP

By: *Richard Rosen* /AR
Richard A. Rosen
1285 Avenue of the Americas
New York, NY 10158-0038
Phone: (212) 373-3000
Fax: (212) 373-2359

*Attorneys for Defendants Centerline Holding
Company, Marc D. Schnitzer and Robert L. Levy*

**REED SMITH LLP**

By: *Steven Cooper* /AR
Steven Cooper
599 Lexington Avenue
29th Floor
New York, NY, 10022
Tele.: 212-521-5400
Fax: 212-521-5450

**REED SMITH LLP**
Sarah R. Wolff
10 South Wacker Drive, 40th Floor
Chicago, IL, 60606-7507
Tele.: 312-207-1000
Fax: 312-207-6400

*Attorneys for Defendants Stephen M. Ross and Jeffrey T. Blau*

SO ORDERED:

_____
Hon. Shira A. Scheindlin
U.S.D.J.

3/3/08

7