**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE CENTERLINE HOLDING
COMPANY SECURITIES LITIGATION

Case No. 08 Civ. 00505 (SAS)

**REPLY MEMORANDUM OF ROSLYN GOLDENBERG, MITCHELL GOLDENBERG, JANE GOLDENBERG, MICHAEL GOLDENBERG AND LISA GOLDENBERG IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

The Goldenberg family hereby submits this reply in further support of its motion to be appointed lead plaintiff and for approval of its selection of lead counsel.

## I.    INTRODUCTION

Two issues confront this Court.  First the Court must resolve which of three competing groups to appoint as lead plaintiffs and whether to approve their selection as lead counsel. Second, the Court should resolve whether to consolidate the derivative cases with the consolidated securities class actions for pre-trial purposes – relief sought only by the Goldenberg family (the "Goldenbergs").

The Goldenbergs refer the Court to their opposition brief.  That filing details the inadequacies of the other groups seeking lead plaintiffs status and posits that the Goldenbergs constitute the only group qualified and capable to serve as lead plaintiff.  The Goldenbergs, however, read the opposition memorandum of the Centerline Investor Group ("CIG Memo.") with no small degree of interest.  The Centerline Investor Group belittles the Goldenbergs' losses and states that the Goldenbergs are "outside serious contention for lead plaintiff appointment." CIG Memo. at 1, n. 1.  In light of the Goldenbergs' unique qualifications among those seeking to serve as lead plaintiffs in this case, however, the Centerline Investor Group ignores the Goldenbergs at its peril.

For in focusing a blistering attack on the Burns Group, the Centerline Investor Group proves not just the inadequacy of the Burns Group, but its own inadequacy as well.  The Centerline Investor Group challenges the Burns Group as being cobbled together by lawyers for the benefit of lawyers.  Just as lawyers cobbled together the Burns Group, however, so too did the Berger & Montague, P.C. ("Berger") and Labaton Sucharow LLP ("Labaton") firms cobble

the Centerline Investor Group together from persons previously unrelated who sought

representation in response to a press release.  Testimony from the members of the Centerline

Investor Group cannot change that its infirmities are identical to those of the Burns Group.  The

very same arguments used by the Berger and Labaton firms to attack the Burns Group apply with

equal force to the Centerline Investor Group.  The Court should, therefore, reject both the Burns

Group and the Centerline Investor Group and appoint the Goldenbergs as lead plaintiffs and

approve their selection of Faruqi & Faruqi, LLP ("Faruqi") and Marcus & Auerbach LLC

("Marcus") as lead counsel.

In addition, the Goldenbergs were the only parties to seek consolidation of the derivative

lawsuits currently pending before this Court with the consolidated securities class actions.

Counsel for a group of the Individual Defendants has suggested coordination, a result with which

the Goldenbergs agree, in principal and with minor modifications as described below.

## II.    ARGUMENT

### A.    For The Reasons Stated in The CIG Memo, Both the Burns Group and The Centerline Investor Group Are Inadequate Lead Plaintiffs

In their initial memorandum of law and their opposition to the motions of the Burns and

Centerline Investor groups, the Goldenbergs explained that they constitute the single lead

plaintiff candidate that satisfies both the Private Securities Litigation Reform Act's ("PSLRA")

letter and spirit.  The memoranda of the Centerline Investor Group and the Burns Group do not

undermine the Goldenbergs' contentions in any way.  While the Goldenbergs do not possess the

largest financial stake of the now three competing groups, they are a family, consisting of a

mother, her two sons and their spouses.  Each member of the Goldenberg family invested in

Centerline Holding Co. ("Centerline" or the "Company") during the Class Period and each

suffered a loss as a result of defendants' wrongful conduct.  No member of either the Burns or

the Centerline Investor groups has any pre-existing relationship with the other members of their

respective groups.  The Burns and Centerline Investor groups are nothing more than loose,

unrelated conglomerations of Centerline investors that their counsel assembled more to further

their own interests than the interests of the Class.  As such, the Goldenbergs have rebutted the

presumption that either the Centerline Investor Group or the Burns Group are adequate lead

plaintiffs.  This Court, therefore, should appoint the Goldenbergs as lead plaintiffs.

Ironically, the CIG Memo. supports the Goldenbergs' assertions illustrating the reasons

why **both** the Centerline Investor Group and the Burns Group are inadequate lead plaintiffs.  The

CIG Memo's arguments apply equally to ***both the Centerline Investor Group and the Burns***

***Group***.  The CIG Memo. hits the nail on the head in its challenge to the Burns Group when it

states that "the actions of the Burns Group and its counsel, as shown herein, are inconsistent with

the aims of the PSLRA and should not be rewarded with appointment as lead plaintiff."  CIG

Memo. at 2.  The only contention the Goldenbergs have with the Centerline Investor Group's

statement, however, is that it applies not just to the Burns Group, but to the Centerline Investor

Group itself.

The Berger and Labaton firms chastise the Burns Group and its counsel for issuing a fake

PSLRA press release, a "trolling release."  The Berger and Labaton firms accuse counsel for the

Burns Group of designing their notice to fool investors into thinking that the firms' issuing them

had filed a complaint in the litigation.  CIG Memo. at 2.  In chastising the Burns Group,

however, the Centerline Investor Group ignores that it, itself, is a product of essentially the same

type of manipulation.  The Berger and Labaton firms wove the Centerline Investor Group from

whole cloth, using threads they accumulated in the same way as the Burns Group's counsel

accumulated the members of that group.  Just as the Burns Group counsel did, the Berger and

Labaton firms, too, cobbled together large stakes from unrelated persons – persons who had contacted those firms in response to the Berger firm's press release. Indeed, the Centerline Investor Group filed a Declaration with this Court in which no member claims a pre-existing relationship with their purported counsel, not to mention a relationship with one another.

      The Berger and Labaton firms seek to bludgeon the Burns Group's counsel with the language of the PSLRA itself. They argue that the PSLRA requires publication of a notice by the first plaintiff to file an action. CIG Memo. at 8. While the statute may mandate what the plaintiff in a first filed case must do, the PSLRA prohibits no plaintiff or law firm from issuing follow up notices, so long as they do not contradict or otherwise derogate from the PSLRA's notice mandate.[1] Thus, that the counsel to the Burns Group filed a notice without first filing a case is, in every practical way, indistinguishable from the behavior in which the Berger and Labaton firms engaged by issuing the Berger press release. Both groups issued press releases that accurately informed investors of the existence of an action and the deadline to seek to serve as lead plaintiff. Both notices complied with the PSLRA's mandate. It is not the content or form or existence of the notices, therefore, that is inappropriate. Rather, both sets of counsel for the Burns and Centerline Investor groups received communications from persons in response to their notices. Both notice campaigns achieved the exact same results – unrelated investors aggregating losses in groups created by lawyers and for lawyers. Both groups, therefore, seek to lead a class, in derogation of the Congressional intent behind the PSLRA. Indeed, contrary to the Berger and Labaton firms' grumblings, it is not the Burns Group's notice that was improper, but the cobbling together of unrelated groups in violation of the clear mandate of the PSLRA that

---

[1] Since the 1995 passage of the PSLRA, many firms, including the Berger and Labaton firms, have issued additional press releases following the issuance of the PSLRA-mandated notice.

resulted therefrom.[2]  Therefore, the Centerline Investor Group argument regarding the Burns'

Group's counsels' notice is nothing more than self-defeating finger-pointing.

In addition, while the Berger and Labaton firms filed a case, the group they cobbled

together and on whose behalf they have moved for appointment as lead plaintiff excluded the

person whom they used to file their first action.  It is no coincidence that the Declaration of the

members of the Centerline Investor Group is silent as to how each of them came to be

represented by their lawyers.  It is silent because, in all likelihood, the members of the Centerline

Investor Group – like the members of the Burns Group – responded to the press release the

Berger firm issued upon filing the Complaint on behalf of plaintiff Michael Goldstein.  Having

proposed Mr. Goldstein as a representative of the class, upon receiving communications from

unrelated persons with larger financial interests than his, the Berger and Labaton firms discarded

Mr. Goldstein entirely from the group they manufactured.  It appears that the Centerline Investor

Group was constructed without Mr. Goldstein because the lawyers were fearful that the financial

interest of one of its members would not carry the day.[3]  Their manipulation of the process is no

less egregious as the manipulation of which they accuse the Burns Group and disqualifies both

the putative lead plaintiffs who allowed themselves to be manipulated and the lawyers who

---

[2] In essence, the Berger firm complains about the format of the Burns Group notice and that it may violate the PSLRA.  But the PSLRA does not mandate that a firm provide its name, tout its experience and invite investors with whom it had no previous attorney client relationship to contact that law firm about the case it had filed.  While the Berger notice may have complied loosely with the terms of the PSLRA, the second half of its Notice, itself, is nothing more than a solicitation of the same ilk as that of the notice the Burns Group's counsel disseminated.  The absence of any prescription from the PSLRA, prompting the first filed firm to solicit future clients did not stop the Berger firm from adding such a solicitation to the press release it issued. They must readily agree, therefore, that notwithstanding their aggressive rhetoric, press releases that do not derogate from the PSLRA's prescriptions are perfectly appropriate.

[3] It should not go unnoticed that J. Michael Fried, the member of the Centerline Investor Group with the purported largest stake in the litigation, CIG Memo. at 6, n. 5, did not sign the group's Declaration.  Rather, it was signed by counsel without the standard "with permission" designation next to the signature.

engaged in the improper manipulation. Thus, while the Berger and Labaton firms quibble with the Burns Group's counsels' methodology, the Court should note that they engaged in virtually identical behavior with the very same result.

But the Centerline Investor Group goes farther, accusing the Burns Group's counsel of manipulation of the class period itself, all to boost the aggregation of losses. The Berger and Labaton firms argue forcefully against what they perceive to be the Burns Group's counsel's manipulation of the Class Period. They state that "[o]ne can reasonably surmise based upon the patterns of purchases of the Burns Group investors that the selection of the class period in the *Quill* complaint was not a product of a reasoned analysis, but rather an effort to generate larger losses for its investor clients and the 'largest financial interest.'" CIG Memo. at 3. They then contend that this Court should make a preliminary ruling on the merits to determine whether the class period as stated is appropriate. CIG Memo. at 10-11.

Here again, this argument applies with equal force to the Centerline Investor Group. Of course, if the Burns Group's counsel did manipulate the Class Period to create a larger loss, then that would clearly contravene the PSLRA's letter and spirit. While the Burns Group may have manipulated the class period to inflate its losses, however, that manipulation, alone, is not the sin.[4] On the contrary, the sin is that counsel engineered a larger loss so that the lawyers can serve as lead counsel.

---

[4] Surely, at this early stage, it is as irresponsible for the Centerline Investor Group's counsel to take a position on the parameters of the Class Period, thereby seeking to exclude certain persons therefrom, as it was for the Burns Group's counsel to ignore certain of the Company's statements. Both groups' counsel presumably conducted an investigation of the allegations of their complaints. Both presumably have a basis for their allegations beyond mere speculation. The point is, at this early stage, before the complaints have been tested and discovery has been had, losses should not be excluded from the class period based on the assertions of law firms with a direct pecuniary interest in the outcome of that determination.

The Berger and Labaton firms highlight this by having failed to take the high road with respect to the Class Period until the large losses they had aggregated among the strangers who contacted them were not the largest losses of any group seeking to serve as lead plaintiff. Indeed, they concede it in their opening brief by stating "On February 26, 2008, however, a plaintiff filed a similar complaint, but with a class period commencing on December 5, 2006. For purposes of this motion, the Centerline Investor Group has used the longest of the class periods, December 5, 2006 through December 28, 2007, inclusive, to demonstrate that they will adequately represent the entire class of persons who purchased Centerline stock." CIG Memo. at 3, n. 4. Thus, when it suited the Berger and Labaton firms, they abandoned the high road, only to claim it later when they believed that the high road on their map gave them an advantage. The Centerline Investor Group's assertion, therefore, does nothing but prove that it, itself, is the same false construct, cobbled together to generate the necessary largest stake by any and all means necessary.

Perhaps the greatest irony that inheres in the CIG Memo., however, is their chastising the Burns Group for not being cohesive. CIG Memo. at 14-15. The Berger and Labaton firms make a mighty effort to create the illusion of cohesion. But three conversations and a declaration executed by several, but not all, of the Centerline Investor Group's members does not magically make it cohesive. In arguing against another group for a lack of cohesion, therefore, the Berger and Labaton firms necessarily sweep-up the very Centerline Investor Group they created. For the additional reasons the Centerline Investor Group stated so well in its opposition memorandum, therefore, the Court should find that the Goldenbergs have sufficiently rebutted the presumption that either the Centerline Investor Group or the Burns Group is the most

adequate lead plaintiff.  Instead, the Court should appoint the Goldenbergs as lead plaintiffs and approve their selection of the Faruqi and Marcus firms as lead counsel.

**B.    This Court Should Order Coordination of the Derivative Actions with These Consolidated Securities Class Actions**

Several of the derivative plaintiffs' counsel and several of the individual defendants have suggested that the Goldenbergs' request that the derivative cases be consolidated with the securities cases for all pretrial purposes is improper.  On the contrary, the derivative cases are derivative not simply because the plaintiffs seek to sue on behalf of the corporation.  Those cases are derivative in the sense that they derive in whole or in large part from the claims in the securities cases.  Consolidation for pre-trial purposes is, therefore, appropriate.

The Goldenbergs do not seek to lead the derivative case or to impose their counsel on the derivative plaintiffs.  To the extent the Court believes that coordination is more appropriate than consolidation, therefore, the Goldenbergs accept that resolution.  If the Court decides to coordinate the cases, however, is should do so by designating the ultimate lead counsel in the securities cases as leaders of the coordinated discovery efforts for all counsel.  Lead counsel in the consolidated securities actions should maintain control over the pace and substance of discovery.  For those issues that are unique to the derivative cases, lead counsel therein should be permitted to seek discovery on those issues.  For all those issues that are virtually identical among the two cases, judicial economy and efficiency, however, dictate that lead counsel in the securities cases should take the lead in the discovery efforts.

**III.    CONCLUSION**

For the foregoing reasons, this Court should deny the motions of the Centerline Investor Group and the Burns Group.  It should grant the motion of the Goldenbergs, appointing them lead plaintiffs and approving their selection of the Faruqi and Marcus firms as lead counsel.  The

Court should also order that the derivative cases be coordinated with the consolidated securities class action and that the ultimate lead counsel in the securities class actions be appointed as the lead counsel of the coordinated actions for all discovery purposes.

Dated: April 14, 2008                     Respectfully submitted,

                                          FARUQI & FARUQI, LLP

                              By:    ___s/ Antonio Vozzolo_____
                                          Antonio Vozzolo
                                          Richard D. Schwartz
                                          369 Lexington Avenue, 10th Floor
                                          New York, NY 10017
                                          Tel: (212) 983-9330
                                          Fax: (212) 983-9331
                                          Email: avozzolo@faruqilaw.com
                                                 rschwartz@faruqilaw.com

                                          And

                                          Jacob A. Goldberg
                                          2600 Philmont Avenue, Suite 324
                                          Huntingdon Valley, PA 19006
                                          Tel: (215) 914-2460
                                          Fax: (215) 914-2462
                                          Email: jgoldberg@faruqilaw.com

                                          MARCUS & AUERBACH, LLC
                                          Jonathan Auerbach
                                          Jerome M. Marcus
                                          400 Greenwood Avenue, Suite 2000
                                          Wyncote, PA 19095-1825
                                          Tel: (215) 885-2250
                                          Fax: (888) 875-0469
                                          Email: auerbach@marcusauerbach.com

                                          *Proposed Co-Lead Counsel*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on April 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice Lists, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice Lists.

      <u>s/Antonio Vozzolo</u>

# Mailing Information for a Case 1:08-cv-00505-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com

- **Bruce D. Bernstein**
  bbernstein@dreierllp.com

- **Thomas George Ciarlone , Jr**
  tciarlone@lawssb.com

- **Alan Ian Ellman**
  aellman@labaton.com

- **Jacob Goldberg**
  jgoldberg@faruqilaw,abarinov@faruqilaw.com

- **Christopher J. Keller**
  ckeller@labaton.com,ElectronicCaseFiling@labaton.com

- **James Clayton Kelly**
  jkelly@wolfpopper.com

- **Andrei V. Rado**
  arado@labaton.com

- **Richard A. Rosen**
  rrosen@paulweiss.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

- **Ralph M. Stone**
  rstone@lawssb.com

- **Rebecca A Tingey**
  rtingey@dreierllp.com

- **Antonio Vozzolo**
  avozzolo@faruqilaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Tony Broy**
,

**John Carfagno**
,

# Mailing Information for a Case 1:08-cv-00912-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com,rrosengarten@wolfblock.com

- **Beth Ann Kaswan**
  bkaswan@scott.scott.com,aslaughter@scott-scott.com

- **Walter W. Noss**
  wnoss@scott-scott.com

- **Richard A. Rosen**
  rrosen@paulweiss.com

- **David R. Scott**
  drscott@scott-scott.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Arthur L. Shingler                              , III
Scott + Scott, LLP
600 B Street
Suite 1500
San Diego, CA 92101
```

# Mailing Information for a Case 1:08-cv-01026-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com,rrosengarten@wolfblock.com

- **Richard A. Rosen**
  rrosen@paulweiss.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

- **Evan J Smith**
  esmith@brodsky-smith.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Tony Broy**
,

**John Carfagno**
,

# Mailing Information for a Case 1:08-cv-01158-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Simon Abraham**
  jabraham@aftlaw.com

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com,rrosengarten@wolfblock.com

- **Richard A. Rosen**
  rrosen@paulweiss.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Tony Broy
,

John Carfagno
,
```

# Mailing Information for a Case 1:08-cv-01458-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com,rrosengarten@wolfblock.com

- **Alan Ian Ellman**
  aellman@labaton.com

- **Christopher J. Keller**
  ckeller@labaton.com,ElectronicCaseFiling@labaton.com

- **Andrei V. Rado**
  arado@labaton.com

- **Richard A. Rosen**
  rrosen@paulweiss.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

- **Curtis Victor Trinko**
  ctrinko@trinko.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Tony Broy
,

John Carfagno
,
```

# Mailing Information for a Case 1:08-cv-01593-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com,rrosengarten@wolfblock.com

- **Robert Craig Finkel**
  rfinkel@wolfpopper.com

- **James Abram Harrod , III**
  jharrod@wolfpopper.com

- **Richard A. Rosen**
  rrosen@paulweiss.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

- **Marian Rosner**
  mrosner@wolfpopper.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Tony Broy
,

John Carfagno
,
```

# Mailing Information for a Case 1:08-cv-01827-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com,rrosengarten@wolfblock.com

- **Thomas George Ciarlone , Jr**
  tciarlone@lawssb.com

- **Richard A. Rosen**
  rrosen@paulweiss.com,kbodkin@paulweiss.com

- **Ralph M. Stone**
  rstone@lawssb.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 1:08-cv-01902-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com,rrosengarten@wolfblock.com

- **Kim Elaine Miller**
  kimmiller225@yahoo.com

- **Richard A. Rosen**
  rrosen@paulweiss.com,kbodkin@paulweiss.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Lewis Kahn
Kahn Gauthier Swick, LLC
650 Poydras Street
Suite 2150
New Orleans, LA 70130
```

# Mailing Information for a Case 1:08-cv-01971-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com,rrosengarten@wolfblock.com

- **Peter D.. Bull**
  pdb@nyclasslaw.com

- **Joshua M. Lifshitz**
  jml@nyclasslaw.com

- **Richard A. Rosen**
  rrosen@paulweiss.com,kbodkin@paulweiss.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)